IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OCA, INC., formerly known as ORTHODONTIC CENTERS OF AMERICA, INC.; ORTHODONTIC CENTERS OF PENNSYLVANIA, INC.,<br>           Plaintiffs,<br>    v.<br><br>JOHNSTOWN ORTHODONTIC SPECIALISTS, INC.; DR. JOHN M BURNHEIMER, D.M.D.,<br>           Defendants. | CIVIL ACTION NO. 04-296J<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### INTRODUCTION

This matter comes before the Court on Defendant's Motion for Reconsideration of the September 5, 2006, order transferring this case to the United States District Court for the Eastern District of Louisiana (Document No. 33). The dispute arose from the contractual relationship under which Plaintiffs agreed to manage the business and marketing operations of the defending orthodontic practice and its sole president and shareholder. OCA, Inc. ("OCA" or "Debtor"), which has similar Business Service Agreements ("BSA") with hundreds of other practitioners across the country, is a Delaware corporation that claims Louisiana as its principal place of business. Complaint (Document No. 1), p. 1. Plaintiffs therefore presented their breach-of-contract claims to the Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In their counterclaim against Plaintiffs, Defendants also alleged a breach-of-contract claim. Answer (Document No. 4), p. 7.

OCA recently filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the

1

Eastern District of Louisiana ("Bankruptcy Court"), claiming as its principal asset the many BSAs and the revenue generated therefrom. Plaintiff's Motion to Transfer (Document No. 31), p. 2. Accordingly, pursuant to 11 U.S.C. § 362, a Notice of Automatic Stay (Document No. 29) was filed in the case *sub judice* on April 4, 2006. The Bankruptcy Court later ordered that all issues relating to the BSAs are within its core jurisdiction. Motion to Transfer, Exh. A, p. 2. This Court then granted Plaintiffs' unopposed motion to transfer this matter to the Eastern District of Louisiana. Order Granting Motion to Transfer (Document No. 32).

Defendants now move for reconsideration of that order, arguing that there are motions still pending before the Court and that no equitable grounds exist for transfer. For the reasons stated herein, the motion is denied.

## ANALYSIS

### I. Outstanding Motions Do Not Negate the Automatic Stay

Expounding on 11 U.S.C. § 362(a), the Third Circuit has held that: "[t]he stay mandated by this provision is automatic in that the debtor does not have to make any formal request that it be issued or that it apply to a particular proceeding." *ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006). "The scope of the automatic stay is broad and covers all proceedings against a debtor." *Id.* Furthermore, under controlling precedent, this Court is without discretion to entertain arguments regarding the stay's validity; trial courts are not appropriate forums in which to dispute the applicability of a § 362 stay. "Rather, the onus is on the party seeking to proceed to petition the Bankruptcy Court for relief from the stay." *Id.*; *see also Mar. Elec. Co. v. United Jersey Bank*, 22 Bankr. Ct. Dec. 1309 (3d Cir. 1992) (holding that a claim subject to an automatic stay under § 362 could not proceed unless the bankruptcy court lifted the stay). Thus, by voluntarily petitioning the Bankruptcy Court for Chapter 11 relief, Plaintiffs automatically stayed the

2

counterclaim that Defendants asserted against them.

The stay also reaches Plaintiffs' original claims against Defendants. In measuring the breadth of § 362, the Third Circuit suggested that the stay can cover claims both against and for the debtor. In *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir. 1977), the court considered the question whether § 362 would stay appeals made *by* a debtor, as well as those taken *against* the debtor. In that case, both the debtor-Hotel and the Association appealed the District Court judgment vacating an order of eviction. Contemplating the language of § 362, the court held that

> [i]t might be argued that whether an appeal is stayed by section 362 should be determined by whether the appeal is taken "by" or "against" the debtor, i.e., whether the debtor is the appellant or appellee. We reject this approach. . . . The potential disruption of the administration of the bankruptcy estate that would be caused by the Association's success in its cross-appeal is precisely the result section 362 was designed to prevent.

*Ass'n of St. Croix Condo. Owners*, 682 F.2d at 449. Similarly, all the claims in the case *sub judice* revolve around the BSA, which is the central component of OCA's principal asset and within the explicit core jurisdiction of the Bankruptcy Court. In addition, resolution of Plaintiffs' claims and Defendants' counterclaims depends on construction of the same instrument. For these reasons, the Court adopts the reasoning expressed in *Ass'n of St. Croix Condominium Owners* and finds that to allow one set of claims to proceed while staying the other set of claims would be to disrupt the bankruptcy proceeding in contravention of § 362.

The Court notes that an automatic stay under § 362 does not necessarily reach all facets of a case in which a particular claim comes under the jurisdiction of a separate bankruptcy proceeding. In *Maritime Electric Co.*, the court held that "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are

3

treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." *Mar. Elec. Co.*, 22 Ban kr. Ct. Dec. 1309. However, none of the claims, crossclaims, and counterclaims involved in that litigation hinged on the interpretation of a written contract. Moreover, individual claims in that case involved separate sets of facts, and the resolution of the claims allowed to proceed in the district court did not affect assets relevant to the parallel bankruptcy proceeding. The Court thus distinguishes *Maritime Electric Co.* on those grounds, reiterates its concern that parallel proceedings interpreting the same instrument will frustrate the bankruptcy proceeding § 362 was meant to protect, and holds that the automatic stay in this litigation reaches all the claims at issue, whether made by or against OCA.

## II. The Motion to Transfer was Properly Granted

The Court notes that Defendant is asking it to reconsider the disposition of a motion that Defendant did not oppose. It is explicit in the court practices that a non-movant has twenty days to respond to motions such as Plaintiff's motion to transfer. *See* Court Practices, p. 3, *available at* http://www.pawd.uscourts.gov/Documents/Public/Reference/gibson.pdf. Failure to do so entitles the Court to presume that the motion to transfer was unopposed. Regardless, Defendant has not presented any reason in its Motion for Reconsideration why the Court should question its earlier ruling.

The statutory standard for a motion to transfer under 28 U.S.C. § 1412 is "the interests of justice or . . . the convenience of the parties." Relevant case law has set out several guiding factors, the most important of which is "whether the transfer would promote the economic and efficient administration of the estate." *In re Reliance Group Holdings, Inc.*, 273 B.R. 374, 406 (Bankr. E.D. Pa. 2002). The Court therefore credits Plaintiffs' assertions that a transfer of this case would facilitate the administration of debtor's estate. The BSA at the center of this case is one of many

4

agreements that collectively form the core asset of a parallel bankruptcy proceeding. With respect for the case management order issued by the Bankruptcy Court and in the interest of efficiently resolving the many pending claims besieging the debtor, the Court granted the motion to transfer (Document No. 32).

The primary basis for Defendant's Motion for reconsideration of that order appears to be the case of *Orthodontic Ctrs. of Cal., Inc. v. Callender*, No. CV 06-5104 PA (C.D. Cal. 2006). In that case, the plaintiff removed the litigation from state court, basing federal jurisdiction on 28 U.S.C. §§ 1441 and 14523 and Federal Rule of Bankruptcy Procedure 9027. *Orthodontic Ctrs. of Cal., Inc. v. Callender*, No. CV 06-5104 PA, slip op. at 1 (C.D. Cal. 2006). The court remanded the case back to state court, holding that "requiring the defendant to litigate this action anywhere other than where this has been pending for more than a year would be inequitable." *Id.*, slip op. at 2.

Though the case *sub judice* has been pending since 2004, its similarities with *Callender* end there. Whereas that case involved removal from state court, this one concerns transfer from one federal court to another. Additionally, the *Callender* court relied on the broad grant of discretion inherent in § 1452; this Court is without discretion to nullify the automatic stay and strongly presumes that "the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts." *Hohl v. Bastian*, 279 B.R. 165, 177 (W.D. Pa. 2002).

Defendant's arguments for reconsideration are thus unavailing and the court will not disturb its previous determination that this case be transferred to the United States District Court for the Eastern District of Louisiana.

An appropriate order follows.

5

AND NOW, this 25th day of September, 2006, after considering Defendant's Motion for Reconsideration of September 5, 2006 Order Transferring Case to United States District Court for the Eastern District of Louisiana (Document No. 33) and Plaintiff's brief in opposition thereto (Document No. 35), the Court finds no grounds on which to reconsider its earlier rulings. Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**.

BY THE COURT:

*Kim R. Gibson*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

**Cc: All counsel of record**